■ In the Matter of JAMES A. SUGGS, Petitioner, v BENJAMIN WARD, as Police Commissioner of the City of New York, et . al., Respondents.—Determination by respondents, dated September 26, 1988, adjudicating petitioner guilty of five departmental charges and specifications, and dismissing him from his position as a police officer, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, New York County, Helen Freedman, J., entered on or about Jan. 27, 1989) is dismissed, without costs and without disbursements.

Upon review of this record, we conclude that the Commissioner's findings are supported by substantial evidence, and, therefore, should not be disturbed. *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176.) The testimony of witness Robin Walker, which was fully credited by the Hearing Officer, was sufficient to support the charges that petitioner wrongfully possessed 10 forged police parking

permits in March 1986, and that petitioner harassed Walker during a telephone call by threatening the welfare of Walker, her children and mother. The Hearing Officer's findings were reinforced by evidence that petitioner subsequently attempted to submit a forged permit for renewal at the 9th Precinct on March 17, 1988, and by evidence in the form of an actual tape recording of the harassing telephone call.

Substantial evidence also existed to support the Commissioner's determination that petitioner knowingly made inaccurate entries into his activity log, regarding the number of summons he issued during 1987. The evidence demonstrated that over the course of 1987, petitioner claimed a total of 334 summonses served when, in fact, he had only issued 225. The disparity in these figures justified the Hearing Officer's decision to reject petitioner's claim that he had merely overestimated the number of summonses served. Similarly, Walker's credible testimony demonstrating petitioner's association with a print shop, as well as his prior possession of 10 forged permits, in conjunction with uncontradicted police expert testimony that petitioner presented, on March 17, 1988, an expired and forged permit for renewal, provided substantial evidence that petitioner knowingly possessed the forged police parking permits on March 17, 1988. Finally, the determination that petitioner wrongfully drove his private automobile while in uniform was supported by petitioner's own admission and the lack of a corroborated, justifiable excuse.

Upon review of the sanction imposed, we conclude that it was not so disproportionate to the offenses as to shock one's sense of fairness. *(See, Matter of Pell v Board of Educ.,* 34 NY2d 222, 234.) Considering petitioner was found guilty of multiple departmental charges and specifications, and that his proven misconduct was, in part, criminal in nature, the penalty of dismissal was appropriate. Concur—Kupferman, J. P., Ross, Kassal and Rubin, JJ.